THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN THE MATTER OF A CRIMINAL
COMPLAINT AGAINST
DAVID LEE WILSON

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Joseph Neuschwander, being first duly sworn, hereby depose and state as follows:

1. This affiant is a detective with the West Plains, Missouri, Police Department (WPPD) and a Task Force Officers (TFO) with United States Immigration and Customs Enforcement (ICE) Office of Homeland Security Investigations (HSI) in Springfield, Missouri. This affiant is also assigned to the Southwest Missouri Cyber Crimes Task Force (SMCCTF). This affiant has been employed in the field of law enforcement full-time since 2003, including duties as a patrol officer, patrol supervisor, SWAT Operator, and detective.

2. As part of this affiant's duties with the HSI, this affiant investigates criminal violations relating to child exploitation, child pornography, and coercion and enticement, in violation of 18 U.S.C. §§ 2251, 2252, 2252A, and 2422. This affiant has received training in the areas of child pornography, child exploitation, and coercion and enticement of minors.

3. The statements in this affidavit are based on personal observations, training and experience, investigation of this matter, and information obtained from other agents and witnesses. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, this affiant has not included each and every fact known to him concerning this investigation. The affiant has set forth the facts necessary to establish probable cause to believe that David Lee Wilson has violated 18 U.S.C. § 2252(a)(2), that is, receipt and distribution of child

1

pornography.

## STATUTORY AUTHORITY

4. 18 U.S.C. § 2252 prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

## DEFINITIONS

5. The following definitions apply to this Affidavit and its Attachments:

   a. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

   b. The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

   c. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

   d. The term "computer," as defined in 18 U.S.C. § 1030(e)(1), means an electronic,

2

magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

e. The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where

    1. the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

    2. such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

    3. such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

f. "Internet Service Providers" (ISPs), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment.

g. "Internet Protocol address" (IP address), as used herein, is a code made up of numbers separated by dots that identifies a particular computer on the Internet.

3

Every computer requires an IP address to connect to the Internet. IP addresses can be dynamic, meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

**PROBABLE CAUSE**

6. On August 20, 2019, C.S. reported to this affiant that Jane Doe, a 13-year-old minor female, had been engaged in a text message conversation with an adult male. C.S. reported that the adult male went by "David Fairfield." C.S. had observed some text messages between Jane Doe and "David Fairfield" on Jane Doe's cellular phone, a LG cellular phone. C.S. further disclosed that she believed "David Fairfield" was a registered sex offender from the state of Washington due to an image she had located on Jane Doe's cellular phone. C.S. reported that "David Fairfield" was driving a vehicle with a state of Washington license plate with plate number BJE6445. C.S. gave Jane Doe's cellular phone, with consent to search, to this affiant.

7. On August 21, 2019, this affiant conducted a search of the Missouri Department of Revenue records for Washington license plate number BJE6445. This affiant located a 2012 Chevrolet Malibu registered to David L. Wilson. This affiant obtained a criminal history background for David L. Wilson (hereinafter "Wilson") and discovered that Wilson was a registered sex offender out of the state of Washington. This affiant made contact with the Pierce County, Washington, Sheriff's Office, who provided Wilson's sex offender registration and conviction paperwork. Wilson was previously convicted of child molestation in the first degree in the Grays Harbor County, Washington, Superior Court, case number 04-1-293-9, on November 1, 2004.

8. This affiant also made contact with Stephanie Modrijan, community corrections officer with the

4

Washington State Department of Corrections. Modrijan confirmed that Wilson was on parole for his conviction for child molestation in the first degree, and she stated that she believed Wilson had left the state of Washington.

9. On August 22, 2019, this affiant made contact with Cheryl Driskell at a residence in West Plains, Howell County, Missouri. This affiant had received information that Wilson was residing with Driskell. Upon arrival, Driskell initially denied Wilson was present. After further discussion, Driskell directed this affiant to the southwest bedroom of the residence, where Wilson was located. Wilson was detained at that time, and he identified himself as "David Fairfield." Next to Wilson, this affiant located three devices, a Motorola cellular phone model XT1921-6, a RCA tablet, and another Motorola cellular phone. Driskell identified the RCA tablet as her son's and the second Motorola phone as hers. Driskell gave consent to search her devices, and nothing was located based upon a preview of the devices. The Motorola cellular phone model XT1921-6 was identified as belonging to Wilson.

10. WPPD Corporal Ivie Powell transported Wilson to the WPPD for an interview. This affiant informed Wilson of his rights under *Miranda*, Wilson stated he understood those rights, and agreed to speak with the officers. Wilson admitted that he had been speaking with Jane Doe for approximately 14 months and Jane Doe's mother for 12 months. Wilson stated that he traveled from the state of Washington to Missouri to Jane Doe's residence. Wilson arrived on or about August 10, 2019. Wilson admitted that he did not notify the state of Washington sex offender registry that he was leaving the state, nor did he notify the Howell County sex offender registrar that he was living in Missouri.

11. Wilson stated he was using three separate social media accounts. His Tik Tok account was under user name "mary_lynn2019," but he had previously used "lynnziefairfield." Wilson's

Facebook user name was "lynnziedae," and his Snapchat user name was "lynnzie_f37." Wilson admitted that he used the email address "fairfieldlynnzie@gmail.com" to establish the fake profiles. Wilson stated he used fake profiles to avoid detection because of the sex offender registry restrictions. Wilson provided his password for all of his accounts. Wilson stated that he frequently communicated with young children, under the age of 17, to assist them through difficult times.

12. Wilson was asked for written consent to search his cellular phone. Wilson provided written consent and denied anything of interest would be on the phone.

13. On August 23, 2019, this affiant conducted an examination of Wilson's Motorola cellular phone. Upon a review of the extraction report, this affiant observed images depicting child pornography, that is, a child less than 18 years of age engaged in sexually explicit conduct. A description of three files is provided below.

   a. An image file depicting a nude female, approximately 12 years of age, performing oral sex on an erect adult penis;

   b. An image file depicting a partially nude female, approximately three to four years of age, wearing white underwear and exposing her chest; and

   c. An image file depicting a nude female, approximately 12 to 13 years of age, lying on a bed while being vaginally penetrated by an adult male penis.

14. This affiant confirmed that Wilson's Motorola cellular phone was manufactured outside the state of Missouri and would have had to cross state lines to enter.

## CONCLUSION

15. Based on the above facts, this affiant believes there is probable cause in support of a criminal complaint against David Lee Wilson for violation of 18 U.S.C. § 2252(a)(2), that is, receipt and distribution of child pornography.

*Joseph Neuschwander*
Task Force Officer
Homeland Security Investigations

Subscribed and sworn before me this 29th day of August 2019.

David P. Rush
United States Magistrate Judge
Western District of Missouri